IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD TURRIETTA,**

      **Plaintiff,**

v.                                                                       CIV 09-1216 BB/LAM

**RON TORRES, et al.,**

      **Defendants.**

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* upon review of the record, and upon referral from the Honorable Bruce D. Black, United States District Judge, that the undersigned "perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *See **Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings** (Doc. 7).* Plaintiff originally filed this action in the Second Judicial District Court for the State of New Mexico, County of Bernalillo, and titled his complaint "Law Suit [sic] Action." **Notice of Removal**, Exhibit A *(Doc. 1-3)* (hereinafter "**Complaint**") at 1. Plaintiff alleges that while he was incarcerated at the Metropolitan Detention Center (hereinafter "MDC"), he was "filmed for a video without his [c]on[s]ent or knowledge that it was going to be viewed all over MDC." *Id.* Plaintiff states that the showing of this video "all over MDC [and] showing [to] over [t]housands of inmates" put his life in danger, and that as a result he "was appro[a]ched by several high ranking officers" and placed against his will into protected custody under "false charges [of] . . . 'Child Abuse, with death and

1

Neglect, abandonment with great Bod[il]y Harm,'" which he states put his life in even more danger. *Id.* Defendant Torres removed this case from state court, stating that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) - (4) (federal question jurisdiction) because "Plaintiff's Complaint is founded on a claim or right arising under the Constitution, treaties or laws of the United States," and that "Plaintiff's Complaint alleges that Defendant violated Plaintiff's federal constitutional rights." **Notice of Removal** *(Doc. 1)* at 2. Defendant Torres further states that the Court "has federal question jurisdiction," that "Plaintiff's right to bring an action for the violation of his constitutional rights was created by federal law, specifically 42 U.S.C. § 1983," and that "[a] federal question appears on the face of Plaintiff's Complaint[; therefore, t]here is an actual controversy." *Id.*

The Federal Rules of Civil Procedure direct that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (citation and quotation marks omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[R]emoval statutes[] are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (citations omitted). Moreover, the federal court's original subject-matter jurisdiction must "affirmatively appear in the record," and "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting the assertion that" original subject-matter jurisdiction exists and removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis in original)

(citation and quotation marks omitted).  Therefore, Defendant Torres' notice of removal, along with any attachments, must demonstrate the necessary jurisdictional facts to support federal jurisdiction. *See id.*

Plaintiff's ***Complaint*** *(Doc. 1-3)* contains no allegations that Defendant Torres violated Plaintiff's federal constitutional rights, nor does Plaintiff request damages or injunctive relief under a federal statute such as, 42 U.S.C. § 1983.  In his ***Notice of Removal*** *(Doc. 1)*, Defendant Torres fails to show the underlying facts that support his assertion that Plaintiff is asserting a violation of his federal constitutional rights or that he is bringing this action under 42 U.S.C. § 1983.  However, the Court notes that Plaintiff states in his ***Motion to Force Demand for Relief*** *(Doc. 11)* at 2, that "[m]any Civil Rights under the [U]nited States Constitution were v[io]lated by the Chain of Command by officers under Ron Torres/MDC at the [MDC]."  The Court must liberally construe Plaintiff's *pro se* pleadings, and "[t]he characterization of the action and the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in federal court."  *Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (citations omitted).  The Court is unable to ascertain from the pleadings currently before it whether Plaintiff's claims are for violations of his federal constitutional rights.  Therefore, the Court will order the parties to show cause in writing why this case should not be remanded to the state court from which it was removed. The Court understands that Plaintiff may not wish to object to such remand, in which case Plaintiff may file a brief in support of remand.  If, on the other hand, Plaintiff intends to allege that Defendants violated his federal constitutional rights, he may file a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).

**IT IS THEREFORE ORDERED** that the parties must show cause in writing no later than ***Monday, March 29, 2010***, why this case should not be remanded to the state court from which it

was removed. The Court will vacate the in-person Rule 16 scheduling conference set for March 18, 2010, which will be re-set at a later date if the Court determines that it has jurisdiction over this action.

**IT IS SO ORDERED.**

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**