IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD TURRIETTA,**

      **Plaintiff,**

**v.**                                                                  **CIV 09-1216 BB/LAM**

**RON TORRES, et al.,**

      **Defendants.**

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *MOTION TO FORCE DEMAND OF RELIEF (Doc. 11)*

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Force Demand of Relief (Doc. 11)*, filed January 19, 2010.  Defendant Torres filed ***Defendant Ron Torres' Response to Motion to Force Demand of Relief** (Doc. 12)* on February 1, 2010.  Plaintiff's reply was due February 18, 2010, but none was filed.  In his motion, Plaintiff states that Defendant Torres failed to respond to his complaint 'within [the] time limit given by New Mexico law" and asks the Court to grant him relief on his claims.  ***Motion to Force Demand of Relief** (Doc. 11)* at 1.  Plaintiff also asks for alleged civil rights violations to be investigated by the state.  *Id.*  Having considered the motion, response, record of this case, and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED without prejudice**.

Plaintiff is incorrect that Defendant Torres has failed to respond to his complaint.  The record shows that Defendant Torres was served in the underlying state court case on November 30, 2009 (*see **Defendant Ron Torres' Response to Motion to Force Demand of Relief** (Doc. 12)* at 2; *see also **Notice of Filing State Court Record**, Return of Service (Doc. 4-2)* at 7), and that Defendant

1

Torres removed the action to this Court on December 30, 2009 (*see* ***Notice of Removal*** *(Doc. 1)*), which is timely pursuant to 28 U.S.C. § 1446(b) (The notice of removal shall of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading"). Defendant Torres then timely filed ***Defendant Ron Torres' Answer to Complaint*** *(Doc. 6)* on January 6, 2010. *See* Fed. R. Civ. P. 81(c)(2)(C) (A defendant who did not answer before removal must answer . . . within . . . 7 days after the notice of removal is filed"). The Court, therefore, finds that there is no reason to enforce judgment against Defendant Torres based on his alleged failure to answer Plaintiff's Complaint.[1] In addition, it is premature for Plaintiff to request an investigation into his claims at this point. The Court must first determine whether it has jurisdiction over Plaintiff's claims (*see* ***Order to Show Cause*** *(Doc. 17)* and, after doing so, the parties will have an opportunity to conduct discovery in this case, either in this Court or in state court.

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's ***Motion to Force Demand of Relief*** *(Doc. 11)* is **DENIED without prejudice**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that it is not clear whether Plaintiff intends to bring this action against Defendant Torres *and* the Metropolitan Detention Center (hereinafter "MDC"), or just against Defendant Torres. *See* Plaintiff's Complaint, ***Notice of Removal***, Exhibit A *(Doc. 1-3)* at 1, listing as Defendants "Ron Torrez/MDC." However, because the record does not show that the MDC was ever served in this case, and because Plaintiff makes no allegations that the MDC failed to respond, the Court will, for now, only consider this motion as it pertains to Defendant Torres.