IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD TURRIETTA,**

      **Plaintiff,**

v.                                                                CIV 09-1216 BB/LAM

**RON TORRES, et al.,**

      **Defendants.**

# ORDER GRANTING DEFENDANTS' MOTION FOR DISCOVERY INFORMATION *(Doc. 36)*

**THIS MATTER** comes before the Court on Defendants' May 12, 2010 letter to the Court, which the Court construes as a Motion for Discovery Information and for Telephonic Conference. *See Document 36*. On May 14, 2010, the Court entered an ***Order to Respond to Defendants' Motion for Discovery Information and for Telephonic Conference*** *(Doc. 31)*, wherein the Court gave Plaintiff a deadline of May 28, 2010, to file a response to Defendants' motion. Plaintiff has not filed a response to the motion and the deadline for doing so has passed, which constitutes consent to grant the motion. *See* D. N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). On June 3, 2010, the Court held a telephonic hearing on the motion at which the *pro se* Plaintiff and counsel for Defendants appeared. Having considered the motion and the parties' statements at the June 3, 2010, hearing, the Court **FINDS** that the motion is well-taken and should be **GRANTED**.

In their letter, Defendants state that Plaintiff failed to comply with the Court's deadlines set forth at the Rule 16 Scheduling Conference, held on April 23, 2010, to provide the following information: (1) Plaintiff's initial disclosures (which were due by April 30, 2010); (2) supplemental information regarding Plaintiff's witnesses, including contact information and a summary of the information each witness has with regard to this case, (which was due by May 10, 2010); and (3) clarification of Plaintiff's factual allegations including the date(s) the alleged incidents occurred (which was due by May 10, 2010).  *Document* 36 at 1 (*see also* **Clerk's Minutes** *(Doc. 24)* at 2-3). Defendants also state that Plaintiff has failed to respond to them about his concurrence or opposition regarding Defendants' proposed motion and stipulated order to amend the case caption to reflect the correct spelling of Defendant Torres' name.  *Document 36* at 2.  At the hearing, counsel for Defendants stated that she had e-mailed and sent letters to Plaintiff regarding the issues raised in her letter.  In addition, she stated that Plaintiff has failed to respond to the discovery requests that she delivered to him in person at the April 23, 2010, Rule 16 Scheduling Conference.

The Court discussed with Plaintiff that the information he is required to provide to Defendants was described in great detail at the April 23, 2010, Rule 16 Scheduling Conference. Plaintiff stated at the hearing that he had no excuse for failing to provide the information to Defendants and had no excuse for failing to respond to Defendants' motion.  His only statement was that he was doing the best that he could.  The Court warned Plaintiff that his repeated failures to respond to discovery requests and orders of the Court, and failure to abide by the Court's rules of procedure, could result in a recommendation that his case be dismissed for want of prosecution or as a sanction for failing to comply with the Court's rules and orders.  *See* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b); and D. N.M. LR-Civ. 41.1.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Discovery Information and for Telephonic Conference *(Doc. 36)* is **GRANTED** as follows:

(1) Mr. Turrietta shall submit the following information by Thursday, June 10, 2010:

    (a) Plaintiff's Rule 26 initial disclosures, which should include:
        (i) the names of his witnesses, their addresses and phone numbers, and a brief statement of what information they have regarding this case;
        (ii) any documents supporting the Plaintiffs' claims;
        (iii) information regarding Plaintiff's damages;

    (b) An addendum to the Joint Status Report and Provisional Discovery Plan, which should include:
        (i) the names of Plaintiff's witnesses, their addresses and phone numbers, and a brief statement of what information they have regarding this case; and
        (ii) clarification of Plaintiff's factual allegations including the date(s) the alleged incidents occurred;

(2) Defendants shall submit any supplementation to their factual contentions in the Joint Status Report and Provisional Discovery Plan by June 15, 2010;

(3) Defendants may file their motion to amend the caption and explain how they attempted to get Mr. Turrietta's concurrence;

(4) Defendants may file a motion to compel regarding their discovery requests; and

(5) Mr. Turrietta will provide the Court with a daytime phone number that is not a cell phone and the Court will no longer conduct telephonic hearings with Mr. Turrietta on a cell phone.

*In addition, Plaintiff is hereby warned that any further failure to provide discovery to Defendants as required by the Federal and local rules, and any failure to comply with the Court's orders, provide grounds for this Court to recommend dismissal of his case.*

3

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**