## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD TURRIETTA,

        Plaintiff,

v.                                       CIV 09-1216 BB/LAM

RON TORRES, et al.,

        Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

THIS MATTER is before the Court on *Defendant Ron Torres' Motion to Compel Plaintiff to Respond to Defendant's Interrogatories and Requests for Production and for Sanctions (Doc. 41)* (hereinafter "*Motion to Compel*"), filed June 9, 2010, and *Defendant Ron Torres' Motion to Dismiss Complaint for Lack of Prosecution and as a Sanction for Failure to Comply With Court Orders (Doc. 43)* (hereinafter "*Motion to Dismiss*"), filed June 21, 2010.  Plaintiff, who is proceeding *pro se*, has failed to respond to either of these motions and the deadlines for doing so have passed.  Pursuant to the Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D. N.M. LR-Civ. 7.1(b).  United States District Judge Bruce D. Black referred this case

---

[1]Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  *See **Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings (Doc. 7)**.*  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that (1) **Defendant Ron Torres' Motion to Compel Plaintiff to Respond to Defendant's Interrogatories and Requests for Production and for Sanctions (Doc. 41)** be **GRANTED in part**; (2) **Defendant Ron Torres' Motion to Dismiss Complaint for Lack of Prosecution and as a Sanction for Failure to Comply With Court Orders (Doc. 43)** be **GRANTED in part**; and (3) the claims raised in Plaintiff's **Law Suit [sic] Action (Doc. 1-3)** (hereinafter "**Complaint**") be **DISMISSED without prejudice**.

Defendant Torres states in his **Motion to Compel** that Plaintiff has failed to respond to Defendant Torres' interrogatories and requests for production, which were served on him on April 23, 2010, despite numerous attempts by Defendant Torres to remind Plaintiff that his responses were due.  **Motion to Compel (Doc. 41)** at 1-2.  On June 3, 20101, the Court held a hearing on Defendant Torres' May 12, 2010, letter to the Court *(Doc. 36)*, which the Court construed as a Motion for Discovery Information and for Telephonic Conference, at which the Court discussed Plaintiff's failure to comply with the Court's deadlines set forth at the Rule 16 Scheduling Conference and his failure to respond to Defendant Torres' discovery requests.  *See **Order Granting Defendants' Motion for Discovery Information (Doc. 36) (Doc. 38)***; *see also* **Clerk's Minutes** *(Doc. 37)*.  Plaintiff stated at the hearing that he had no excuse for failing to comply with the Court's deadlines or for failing to provide discovery information to Defendants.  **Order Granting Defendants' Motion for Discovery Information (Doc. 36) (Doc. 38)** at 2; *see also* **Clerk's Minutes** *(Doc. 37)* at 1.  The Court "warned Plaintiff that his repeated failures to respond to discovery

requests and orders of the Court, and failure to abide by the Court's rules of procedure, could result in a recommendation that his case be dismissed for want of prosecution or as a sanction for failing to comply with the Court's rules and orders." ***Order Granting Defendants' Motion for Discovery Information (Doc. 36)*** *(Doc. 38)* at 2; *see also* ***Clerk's Minutes*** *(Doc. 37)* at 1. Defendant Torres asks the Court to enter an order compelling Plaintiff to respond to his discovery requests and finding that Plaintiff has waived any objections to the requests. ***Motion to Compel*** *(Doc. 41)* at 4. In addition, Defendant Torres asks the Court to order that Plaintiff pay Defendant Torres' attorney's fees incurred in making the ***Motion to Compel*** as sanctions for his repeated failure to respond to the discovery requests. *Id.* at 5.

In Defendant Torres' ***Motion to Dismiss***, he asks the Court to dismiss Plaintiff's ***Complaint*** for failure to prosecute his case and to comply with the Court's orders, and, in addition or in the alternative, Defendant Torres asks the Court to order Plaintiff to pay fees and costs incurred in preparing the ***Motion to Dismiss***. ***Motion to Dismiss*** *(Doc. 43)* at 1. As grounds for the motion, Defendant Torres states that Plaintiff has failed to do the following with respect to his case: (1) make his initial Rule 26 disclosures by April 30, 2010; (2) supplement by May 10, 2010, the witnesses he identified in his portion of the Joint Status Report and Provisional Discovery Plan to include contact information and a summary of the information each has pertaining to the case; (3) clarify by May 10, 2010, his factual contentions in the Joint Status Report and Provisional Discovery Plan and provide accurate dates of the alleged wrongdoings; and (4) respond to Defendant Torres' discovery requests. *Id.* at 1-9. Defendant Torres points out that Plaintiff has failed to participate in the discovery phase of his case despite numerous reminders by Defendant Torres and despite several Court orders for Plaintiff to do so. As sanctions for these failures, Defendant Torres asks the Court to dismiss Plaintiff's ***Complaint*** with prejudice and require Plaintiff to pay Defendant Torres'

attorney's fees and expenses incurred as a result of Plaintiff's failure to pursue his case.  **Motion to Dismiss** *(Doc. 43)* at 9-19.

The Court may enter sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) if a party fails to obey a discovery order.  The determination of the appropriate sanction is "a fact-specific inquiry" made by the Court.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  The Tenth Circuit Court of Appeals has recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."  *Id.*  In *Ehrenhaus*, the Tenth Circuit set forth the following criteria that a district court should "ordinarily" consider on the record when employing this drastic measure: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (citations and quotation marks omitted).  "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Id.*

### Actual Prejudice to Opposing Parties

Plaintiff's failure to comply with the Court's **Order Granting Defendants' Motion for Discovery Information (Doc. 36)** *(Doc. 38)*, failure to provide discovery information to Defendants, and failure to appear for two Court-ordered hearings serves to disadvantage Defendants' ability to defend this case.  The prejudice suffered by Defendants includes increased expense and delay that they would not otherwise have incurred, including the costs associated with filing multiple motions to compel Plaintiff to comply with the rules of procedure and the Court's orders, and having to attend multiple hearings on these issues.  The Court finds that the first *Ehrenhaus* factor has been met because Defendants have shown actual prejudice due to Plaintiff's failures.

### Interference with the Judicial Process

Plaintiff has interfered with the judicial process by failing to provide discovery information as required by the federal rules, failing to comply with Court orders requiring him to provide discovery information, and failing to appear at a Court-ordered status conference and show cause hearing. The Court entered a ***Contempt Order and Judgment (Doc. 49)*** on July 12, 2010, in which the Court held Plaintiff in contempt for failing to appear for a pretrial status conference and for the show cause hearing. The Court sets case management deadlines so as to bring cases to completion within a reasonable period of time. Plaintiff's failure to abide by these deadlines and attend hearings thwarts the Court's ability to effectively manage this case. Plaintiff's failures have delayed the processing of this case and have interfered with the Court's ability to expeditiously resolve this matter. Plaintiff has obstructed the judicial process which he invoked by filing this lawsuit. The Court finds that Plaintiff's failures to act and comply with the Court's orders have significantly interfered with the judicial process, thus satisfying the second *Ehrenhaus* factor.

### Culpability of the Litigant

On the record before the Court, it appears that Plaintiff himself is culpable for his failure to pursue this litigation and has offered no excuses or explanations for this failure to the Court. It was Plaintiff who chose to commence litigation in this Court in an effort to obtain a remedy for alleged wrongs against him. Having done so, he is not now free to disregard the requirements of the legal process that he has invoked. The third *Ehrenhaus* factor has been satisfied.

### Prior Warning

At the June 3, 2010, hearing on Defendant Torres' Motion for Discovery Information and for Telephonic Conference, the Court "warned Plaintiff that his repeated failures to respond to discovery requests and orders of the Court, and failure to abide by the Court's rules of procedure,

could result in a recommendation that his case be dismissed for want of prosecution or as a sanction for failing to comply with the Court's rules and orders." ***Order Granting Defendants' Motion for Discovery Information (Doc. 36)*** *(Doc. 38)* at 2; *see also* ***Clerk's Minutes*** *(Doc. 37)* at 1.  It is clear that Plaintiff was placed on notice that failure to comply with his Court-ordered obligations could result in sanctions, including dismissal of his case.  More significantly, Plaintiff was given an opportunity to explain why sanctions should not be imposed on him, but Plaintiff failed to appear at the show cause hearing on July 12, 2010.  *See* ***Order to Show Cause*** *(Doc. 46)*.  The Court concludes that Plaintiff has been appropriately warned by the Court of potential consequences including dismissal of his case and, thus, the fourth *Ehrenhaus* factor has been satisfied.

### *Efficacy of Lesser Sanctions*

As to the fifth *Ehrenhaus* factor, dismissal of a lawsuit is usually appropriate only where lesser sanctions would not serve the interests of justice.  *Ehrenhaus*, 965 F.2d at 921 (citations omitted).  In cases where a claimant fails to obey a court order through "inadvertence or simple neglect . . . the deterrent effect of a default or dismissal is likely to be substantially achieved through lesser sanctions."  *Ocelot Oil Corp. v. Sparrow Ind., et al.*, 847 F.2d 1458, 1465 (10th Cir. 1988).  Here, however, notwithstanding the Court's warning that failure to comply with procedural rules and Court orders could result in imposition of sanctions, including dismissal of his litigation, Plaintiff continued to ignore the Court's orders and failed to appear at the July 12, 2010, show cause hearing.  Given these wilful failures and Plaintiff's refusal to comply with the Court's orders, the Court has no optimism that he would comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.  The Court finds that the fifth *Ehrenhaus* factor has been met, as well.

*Attorney Fees and Costs*

The Court finds that, in addition to recommending dismissal of Plaintiff's claims under *Ehrenhaus*, it is appropriate to award Defendants their reasonable fees and costs incurred in filing their **Motion to Compel** and **Motion to Dismiss**, and for attending the June 30, 2010, and July 12, 2010, hearings at which Plaintiff failed to appear.  *See* Fed. R. Civ. P. 37(b)(2)(C) (providing that if a party fails to obey a court order to provide discovery, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").  The Court recommends that, should the presiding judge adopt these Proposed Findings and Recommended Disposition, Defendants be allowed to submit documentation of the attorney's fees and costs incurred in connection with these motions, and that Plaintiff be afforded an opportunity to respond to the amount of requested attorney's fees within fourteen (14) days of Defendants' submission.

## RECOMMENDED DISPOSITION

After consideration of the *Ehrenhaus* factors, the Court finds that the appropriate sanction for Plaintiff's failure to prosecute his case and participate in discovery is dismissal without prejudice. Accordingly, the Court recommends that:

(1)    ***Defendant Ron Torres' Motion to Compel Plaintiff to Respond to Defendant's Interrogatories and Requests for Production and for Sanctions*** *(Doc. 41)* be **GRANTED** to the extent it asks the Court to order Plaintiff to pay Defendant Torres' reasonable attorney's fees and costs associated with the motion, and **DENIED as moot** to the extent it asks the Court to compel Plaintiff to provide discovery information;

(2)     *Defendant Ron Torres' Motion to Dismiss Complaint for Lack of Prosecution and as a Sanction for Failure to Comply With Court Orders (Doc. 43)* be **GRANTED** to the extent it asks the Court to dismiss Plaintiff's *Complaint* and for attorney's fees and costs associated with the motion, and **DENIED** to the extent is asks the Court to dismiss Plaintiff's claims <u>with</u> prejudice;

(3)     The claims raised in Plaintiff's *Law Suit [sic] Action (Doc. 1-3)* be **DISMISSED without prejudice**; and

(4)     Defendants may submit documentation of the attorney's fees and costs incurred in connection with *Defendant Ron Torres' Motion to Compel Plaintiff to Respond to Defendant's Interrogatories and Requests for Production and for Sanctions (Doc. 41)* and *Defendant Ron Torres' Motion to Dismiss Complaint for Lack of Prosecution and as a Sanction for Failure to Comply With Court Orders (Doc. 43)*, and that Plaintiff may respond to the amount of requested attorney's fees within fourteen (14) days of Defendants' submission.


*Lourdes A. Martinez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**